UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

INTERMODAL TECHNOLOGIES, INC.,

            Plaintiff,

v.
                                         Case Number 05-10204-BC
                                         Honorable David M. Lawson

NORMAN Y. MINETA, in his capacity as
SECRETARY OF TRANSPORTATION,
and JACQUELINE GLASSMAN, in her capacity
as ACTING ADMINISTRATOR of the
NATIONAL HIGHWAY TRAFFIC
SAFETY ADMINISTRATION,

            Defendants.

_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND SETTING CALENDAR DATES

This case represents the latest effort by William Washington to gain approval for the truck braking system he invented, the MSQR 5000®.  In June 2001, the acting chief counsel for the National Highway Traffic and Safety Administration (NHTSA) posted a letter on the agency's website expressing the opinion that the MSQR 5000® would not meet a certain Federal Motor Vehicle Safety Standard (FMVSS) pertaining to anti-lock braking systems (ABS).  Washington's company filed suit in this Court, but that matter was dismissed because the Court concluded that the letter did not constitute final agency action.  *See Air Brake Systems, Inc. v. Mineta,* 202 F. Supp. 2d 705 (E.D. Mich. 2002).  On appeal, the Sixth Circuit affirmed but observed that the plaintiff was not without a remedy: "the company remains free to petition NHTSA to alter Standard 121 under the agency's rulemaking powers.  49 C.F.R. § 552.3(a) ('Any interested party may file with the Administrator a petition requesting him . . . [t]o commence a proceeding respecting the issuance, amendment or revocation of a motor vehicle safety standard.').  The denial of such a petition,

notably, would be a final reviewable order." *Air Brake Systems, Inc. v. Mineta*, 357 F.3d 632, 646

(6th Cir. 2004). The company filed such a petition, but the agency has not yet decided it. The

plaintiff has filed the present complaint seeking a writ of mandamus directing NHTSA to decide its

exemption petition. The defendants have filed a motion to dismiss, to which the plaintiff has

responded. The Court heard argument from counsel for the parties on January 3, 2006, and now

determines that the motion must be denied because the defendants have a duty to decide the

plaintiff's application within a reasonable time, although, of course, the choice of whether to grant

or deny the petition lies within the defendants' discretion.

I.

William Washington is the principal owner of the plaintiff in this case, Intermodal

Technologies, Inc., which has filed this mandamus action pursuant to 28 U.S.C. § 1361. The

plaintiff seeks a ruling by this Court to force the defendants, the Secretary of Transportation and the

Administrator of NHTSA, to either grant or deny its petition for an exemption from certain safety

standards promulgated by NHTSA. The plaintiff manufactures truck trailers that are required under

the National Traffic Motor Vehicle Safety Act, 49 U.S.C. § 30101 *et seq.,* and implementing

regulations to be equipped with anti-lock breaks that have certain warning features. *See* 49 C.F.R.

§ 571.121. The plaintiff has chosen to outfit its trailers with a non-electronic, pneumatic airbrake

system for trucks and trailers called the MSQR 5000® made by Air Brake Systems, Inc. Air Brake

Systems also is owned by Washington.

In prior litigation in this Court, Air Brake Systems challenged opinion letters written by

NHTSA's acting chief counsel. *See Air Brake Systems*, 202 F. Supp. 2d at 705. According to the

complaint filed in this case, the chief counsel "opined [in the letters] that the MSQR-5000® does

not satisfy the warning signal requirements of [Federal Motor Vehicle Safety Standard 121] due to

the fact that there are no warning signals installed on the exterior of the truck trailer." Compl. at ¶

15.  This Court found that the opinion letters, one of which was posted on NHTSA's website, did

not constitute final agency action and therefore could not be reviewed under the Administrative

Procedures Act.  *Id.* at 712-14.

As noted above, the Sixth Circuit affirmed.  *Air Brake Systems*, 357 F.3d at 632.  The gist

of Air Brake System's arguments both in this Court and on appeal was that NHTSA effectively has

decided that the company's brakes do not meet federal standards and has announced that decision

to potential buyers of the brakes, leaving it no possibility to sell its brakes and no mechanism by

which to challenge the agency's action.  The result, the company stated, was a "Catch 22." *Id.* at

645.  The court of appeals rejected that contention and noted that section 30113 of the Act permitted

the company to seek an exemption from Safety Standard 121:

> In all events, Air Brake errs in suggesting it has no other options. The company
> remains free to show the market its confidence in the product by agreeing to
> indemnify a prospective manufacturer against the costs of defending any potential
> NHTSA action. And more importantly (and perhaps more realistically for smaller
> companies), the company remains free to petition NHTSA to alter Standard 121
> under the agency's rulemaking powers. 49 C.F.R. § 552.3(a) ("Any interested party
> may file with the Administrator a petition requesting him . . . [t]o commence a
> proceeding respecting the issuance, amendment or revocation of a motor vehicle
> safety standard."). The denial of such a petition, notably, would be a final reviewable
> order.

*Id.*  at 645-46.  Washington, through plaintiff Intermodal Technologies, heeded the Sixth Circuit's

advice, and on January 26, 2004, it filed a petition for an exemption.

As noted, section 30113 of the Safety Act authorizes the Secretary of Transportation to grant

exemptions to safety standards "on a temporary basis . . . on terms the Secretary considers

appropriate."  39 U.S.C. § 30113(1).  The agency also has promulgated regulations governing the

handling of petitions.  *See* 49 C.F.R. § 555.7.

Although a petition conforming to the administrative regulation was submitted in January

2004, the plaintiff alleges, it was not actually time-stamped as received by the agency the until July

15, 2004, more than six months later.  However, on July 2, 2004, NHTSA's chief counsel informed

the plaintiff in a letter that the agency had "prepared a notice for publication in the Federal Register

requesting comment" and the agency would "inform [the plaintiff] when the Administrator has made

a decision on the petition." Compl. at ¶ 21. The agency published the notice on July 19, 2004, and

the deadline for filing comments was August 18, 2004.

By December 6, 2004, the plaintiff had not received information on the disposition of its

petition, and its attorney wrote a letter to NHTSA requesting "any information you may have

concerning the processing of our petition." Compl. at ¶ 23.  On February 28, 2005, the plaintiff

wrote again seeking "some indication as to when we could expect a decision concerning our

application."  Compl. at ¶ 24.  Again, the plaintiff received no response.

On March 31, 2005, the plaintiff sent a final letter requesting information on the disposition

of the petition.  Attached to the letter was a proposed complaint for a writ of mandamus.  According

to the plaintiff, NHTSA's counsel responded to this letter and assured the plaintiff that the agency

was reviewing the petition, but he could not specify a date for decision.  Since that time, a decision

on the petition has not been reached.  On August 9, 2005, the plaintiff filed the present complaint

asking the Court to force the defendants to resolve the petition one way or the other.  In lieu of an

answer, the defendants filed the instant motion to dismiss.

II.

The defendants state that their motion to dismiss is based on Federal Rules of Civil

Procedure 12(b)(1) and (6), suggesting that they are contending that the Court does not have subject matter jurisdiction over the case and the plaintiff has not stated a claim for which relief can be granted. Motions to dismiss are governed by Rule 12(b) of the Federal Rules of Civil Procedure; Rule 12(b)(1) concerns motions to dismiss for "lack of jurisdiction over the subject matter." Lack of subject matter jurisdiction may be asserted at any time, either in a pleading or a motion. Fed. R. Civ. P. 12(b)(1); *Television Reception Corp. v. Dunbar*, 426 F.2d 174, 177 (6th Cir. 1970). When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Michigan Southern R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n., Inc.*, 287 F.3d 568, 573 (6th Cir. 2002); *see also Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990).

Title 28, section 1361 of the United States Code states that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." To obtain relief under section 1361, an individual must establish that he has a clear right to relief and that a federal employee has a clear, nondiscretionary duty to act. *See Heckler v. Ringer*, 466 U.S. 602, 616-17 (1984); *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995); *Ryon v. O'Neill*, 894 F.2d 199, 205 (6th Cir. 1990). The Sixth Circuit has explained that a writ of mandamus "is an extraordinary remedy, and is intended to provide a remedy only if the plaintiff has exhausted all other avenues of relief and the defendant owes the plaintiff a clear nondiscretionary duty." *Willis v. Sullivan*, 931 F.2d 390, 395 (6th Cir. 1991).

The plaintiff in this case does not seek an order compelling the defendants to grant his petition, which plainly would be beyond this Court's authority. Rather, he merely seeks an order

compelling a decision on the petition one way or the other.  The Court has subject matter jurisdiction

to entertain that request under section 1361.  Whether the petition has merit or even states a claim

for relief is another question entirely.  But the potential lack of merit in the petition does not

undermine this Court's subject matter jurisdiction.  "[T[he fact that a complaint may not state a

claim upon which relief can be granted is of no relevance to the question of subject matter

jurisdiction." *Cherokee Exp., Inc. v. Cherokee Exp., Inc.*, 924 F.2d 603, 609 (6th Cir. 1991) (internal

quotes and citation omitted).

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the allegations in the

complaint are taken as true and are viewed favorably to the non-moving party. *Miller v. Currie,* 50

F.3d 373, 377 (6th Cir. 1995), *Herrada v. City of Detroit,* 275 F.3d 553, 556 (6th Cir. 2001).  To

survive a motion to dismiss, a complaint must contain "either direct or indirect allegations respecting

all material elements to sustain a recovery under some viable legal theory." *In re DeLorean Motor

Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993).  The Court may consider only whether the allegations

contained in the complaint state a claim for which relief can be granted. *Roth Steel Prod. v. Sharon

Steel Corp.,* 705 F.2d 134, 155 (6th Cir. 1983).  The motion shall be granted only if "no set of facts

in support of [the plaintiff's] claim would entitle [the plaintiff] to relief." *Broyde v. Gotham Tower,

Inc.,* 13 F.3d 994, 996 (6th Cir. 1994).

The defendants argue that dismissal is required here because there is no clear duty mandating

that the NHTSA administrator decide the plaintiff's petition at all.  Indeed, the requirement that an

agency owe a plaintiff seeking mandamus relief a non-discretionary duty "has been read narrowly

to require that the officer or employee of the United States owe a "ministerial duty that [is]

compelled by law." *Ryon*, 894 F.2d at 205 (citations omitted).  In fact, "[f]or there to be a duty owed

to the plaintiff within the meaning of section 1361, there must be a mandatory or ministerial obligation. If the alleged duty is discretionary or directory, the duty is not owed." *Ibid.* (citations omitted).  Further, "[a] duty is not owed unless the obligation is plainly defined and peremptory." *Ibid.*

The defendants contend that the language of the Safety Act juxtaposes the words "may" and "shall" in such a way as to compel the conclusion that Congress intended that the NHTSA administrator need not decide exemption petitions filed with that agency.  The defendants point to statutory language stating that "[t]he Secretary may act under this subsection," 49 U.S.C. § 30113(3), and argue that it implies the contrary as well, i.e. that the Secretary need not act.

Few federal courts have dealt with mandamus actions to compel a governmental agency to exercise its power to act or act in a timely fashion.  Certain principles nonetheless are discernible. As a general concept, an agency may be compelled to exercise power vested in it as long as it has a mandatory duty to act.  *See Rural Electrification Admin. v. Northern States Power Co.*, 373 F.2d 686, 687 n. 1 (8th Cir. 1967).  In other words, even if the outcome of that exercise rests within the agency's discretion, the agency can be compelled to exercise its discretion. *Com. of Pennsylvania, by Sheppard v. National Ass'n of Flood Insurers*, 520 F.2d 11, 26-27 (3d Cir. 1975), *overruled on other grounds by Pennsylvania v. Porter,* 659 F.2d 306 (3d Cir. 1981) (noting that "mandamus may issue to require the exercise of permissible discretion, although the manner in which the discretionary act is to be performed is not to be directed by the court"); *McQueary v. Laird*, 449 F.2d 608, 611 (10th Cir. 1971) (recognizing that "[t]his court has held that the 1962 Act relating to mandamus against federal officers, employees and agencies authorizes the court to issue mandamus only to require the exercise of permissible discretion, or to compel performance of ministerial

duties"). However, an agency's inaction may itself amount to an exercise of discretion if responsibilities for a particular subject area have been entrusted to the agency without any plainly defined mandate to act, or where construction or application of a particular statute has been left to agency discretion. *United States ex rel Girard Trust Co. v. Helvering*, 301 U.S. 540 (1937).

The Administrative Procedures Act provides additional guidance for dealing with agency inaction and delay. Section 706(1) states that a reviewing court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 796(1). This provision generally has been found to be coextensive with relief available under the statutory mandamus provisions. *See, e.g., Carpet, Linoleum and Resilient Tile Layers v. Brown*, 656 F.2d 564, 567 (10th Cir. 1981) (reasoning that the mandatory injunction being sought was "essentially in the nature of mandamus" and therefore its issuance could be based on mandamus or the APA, or both).

The source of the mandatory duty can be a statute, a regulation, or result from judicial precedent. *See Buchannon v. Apfel*, 249 F.3d 485 (6th Cir. 2001) (finding a mandatory duty based on regulations promulgated by the Social Security Administration); *Brewer v. Dahlberg*, 942 F.2d 328 (6th Cir. 1991) (noting that Supreme Court precedent required officials to conduct parole hearings in a specific manner); *In re Bankers Trust Co.*, 61 F.3d at 460 (looking to both statutes and regulations for the source of a duty). In *Buchannon*, for example, the Sixth Circuit considered a mandamus to compel the Social Security Commissioner to decide applications for attorneys fees by applying the factors set forth in the regulations rather than automatically imposing a twenty-five percent cap. The court of appeals reversed the district court's dismissal of the complaint, noting that "despite our lack of jurisdiction to pass on the reasonableness of any fee awarded . . . at the administrative level, . . . we do have jurisdiction to consider whether the Commissioner has failed

to comply with his own regulations. We accordingly hold that mandamus jurisdiction is available."

*Id.* at 492.

The provisions of the Safety Act governing exemptions provides:

(1) The Secretary of Transportation may exempt, on a temporary basis, motor vehicles from a motor vehicle safety standard prescribed under this chapter or passenger motor vehicles from a bumper standard prescribed under chapter 325 of this title, on terms the Secretary considers appropriate. . . .

(2) The Secretary may begin a proceeding under this subsection when a manufacturer applies for an exemption or a renewal of an exemption. The Secretary shall publish notice of the application and provide an opportunity to comment. . . .

(3) The Secretary may act under this subsection on finding that –
(A) an exemption is consistent with the public interest and this chapter or chapter 325 of this title (as applicable); and
(B)(i) compliance with the standard would cause substantial economic hardship to a manufacturer that has tried to comply with the standard in good faith;
(ii) the exemption would make easier the development or field evaluation of a new motor vehicle safety feature providing a safety level at least equal to the safety level of the standard;
(iii) the exemption would make the development or field evaluation of a low-emission motor vehicle easier and would not unreasonably lower the safety level of that vehicle; or
(iv) compliance with the standard would prevent the manufacturer from selling a motor vehicle with an overall safety level at least equal to the overall safety level of nonexempt vehicles.

. . .

(g) Notice of decision. – The Secretary shall publish in the Federal Register a notice of each decision granting an exemption under this section and the reasons for granting it.

(h) Permanent label requirement. – The Secretary shall require a permanent label to be fixed to a motor vehicle granted an exemption under this section. . . .

49 U.S.C. § 30113.

The defendants contend that under this statute the only mandatory duties they have – denoted

by the word "shall" – is to publish the notice of an application and allow comment, publish a notice

of its decision, and require permanent labeling.  All other acts denoted by the word "may," including the prerogative of acting on a petition, they argue, is discretionary and beyond the scope of mandamus.

Certainly, the defendants are correct that generally the use of the word "may" means that an act is discretionary and therefore beyond the relief intended by the mandamus statute.  *See Jama v. Immigration and Customs Enforcement*,125 S. Ct. 694, 703 (2005) (explaining that "[t]he word 'may' customarily connotes discretion.  That connotation is particularly appropriate where, as here, 'may' is used on contraposition to the word 'shall'"); *see also Lopez v. Davis*, 531 U.S. 230, 241 (2001) (reasoning that "Congress' use of the permissive 'may' in one section contrasts with the legislators' use of a mandatory 'shall' in the same section"). The defendants are also correct that the term "shall" appears only with respect to publishing notice of an application, notice of the disposition of a petition, the application procedure to be followed by the applicant, and the label requirement should an exemption be granted.

However, the Court believes that the defendants read the statute too narrowly and assume that the term *may* elsewhere in the statute connotes no duty even to decide an application for an exemption.  A more reasonable reading of the statute is that Congress simply did not speak *at all* in this legislation to the question whether the agency had to decide a filed petition.  There is no question that the Secretary enjoys discretion to grant a petition for exemption –  that is, to "act" on it – if an exemption is in the public interest and one of four criteria is met.  *See* 49 U.S.C. § 30113(3)(A) & (B)(i)-(iv).  But there is no statutory language authorizing the Secretary to shelve a petition and pay it no mind whatsoever.  The statute states simply that the Secretary may deny or grant a petition for reasons within his discretion; it does not answer the question whether the

-10-

Secretary must decide, one way or the other, an application for exemption.

In the absence of clear statutory language, the Court turns to the regulations for an answer to the question of duty in this case. Section 555.7 of the Code of Federal Regulations provides:

> (d) If the Administrator determines that the application does not contain adequate justification, he denies it and notifies the petitioner in writing. He also publishes in the Federal Register a notice of the denial and the reasons for it.
> (e) If the Administrator determines that the application contains adequate justification, he grants it, and notifies the petitioner in writing. He also publishes in the Federal Register a notice of the grant and the reasons for it.

49 C.F.R. § 555.7(d) - (e). This regulation governing the processing of applications makes clear that the agency must either grant an application or deny it, publish its decision in the Federal Register, and notify the petitioner. There is no discretionary language contained in these subsections. To be sure, they do not include the term "shall," but there is no suggestion that the Secretary construed the statutory grant of authority as including options for action or inaction other than "grant" or "deny."

The defendants argue that this language is of little consequence because it merely sets up a chain of events and does not require clearly that the agency decide petitions at all. The Court agrees that the regulation prescribes a course of events, but that course must lead eventually to a decision. The plain language of the regulation does not allow for any other option. An agency's failure to decide does not constitute a decision that is subject to judicial review. *See United States v. Bean*, 537 U.S. 71, 75 (2002) (holding that "inaction" by the Bureau of Alcohol, Tobacco and Firearms "does not amount to a 'denial' within the meaning of" the statute allowing subsequent judicial review).

At the same time, however, neither the statute nor the regulations provide a time frame for deciding petitions. The petition has been pending in this case for over seventeen months. In the absence of language setting forth a time frame, the Court looks to the Administrative Procedures Act

for further guidance, which, as noted earlier, authorizes a court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 796(1). The statutory language implies that an agency of government is charged with the duty of acting reasonably; therefore, the Court determines that in the absence of a specific timetable, the agency has a duty to decide the petition with a reasonable time. Nonetheless, mandamus lies to compel such action, which is what the plaintiff is seeking. The complaint, therefore, states a viable claim for relief.

<div align="center">III.</div>

The Court finds that it has subject matter jurisdiction and the plaintiff has stated a claim for which relief can be granted. The determination of the time within which an agency reasonably may act must account for the activities of the agency and the demands on its resources. Discovery may be necessary to resolve that issue.

Accordingly, it is **ORDERED** that the defendants motion to dismiss [dkt # 3] is **DENIED**. It appears that the defendants have now answered the complaint.

It is further **ORDERED** that discovery shall be completed by the parties by **April 21, 2006**, and dispositive motions shall be filed on or before **May 5, 2006**.

A status conference will be scheduled upon the request of either party. If no request is made, the Court will proceed to schedule a hearing on dispositive motions after they are filed.

<div style="margin-left:45%">

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

</div>

Dated: February 7, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 7, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS